IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE JULIAN ABBUD,<br>    Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | EP-16-CV-407-PRM |
| EL PASO COUNTY TEXAS,<br>    Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Petitioner Jose Julian Abbud's

*pro se* "Petition for a Writ of Habeas Corpus by a Person in State

Custody" (ECF No. 1) [hereinafter "Petition"], filed on September 12,

2016, in the above-captioned cause.   Therein, Petitioner challenged his

conviction, pursuant to 28 U.S.C. § 2254, for manslaughter in cause

number 970D04332 in the 384th Judicial District Court of El Paso

County, Texas.   Petitioner claimed there was "no evidence" to find him

guilty, he acted in "self-defense," his counsel provided ineffective

assistance, and a "conspiracy" kept him "in custody for almost 12 years

. . . just because the aggressor died."[1]

---

[1] Pet. 6–7, Sept. 12, 2016, ECF No. 1.

After reviewing Petitioner's Petition and his responses to the Court's "Order to Show Cause," the Court concludes that his Petition is untimely, he is not entitled to equitable tolling, and he is not actually innocent.   The Court will accordingly deny his Petition and additionally deny him a certificate of appealability.

## I.   BACKGROUND

Petitioner indicated in his Petition that he was "released from TDCJ," lived in a home in El Paso, Texas, and was no longer in custody.[2] Petitioner also stated that he was convicted and sentenced to fifteen years' imprisonment in December of 1997.[3]

Based on these assertions, the Court made a preliminary determination that Petitioner was not in custody, his claims were time barred, and he was not entitled to § 2254 relief.   A district court may not, however, dismiss a petition on its own initiative unless it gives fair notice to the petitioner and an opportunity to respond.[4]   The Court,

---

[2] *Id.* at 1, 15.

[3] *Id.* at 2.

[4] *See Day v. McDonough*, 547 U.S. 198, 210 (2006) ("Of course, before acting on its own initiative, a court must accord the parties fair notice

therefore, ordered Petitioner to show cause why it should not dismiss his petition.[5]

The Court specifically advised Petitioner that federal district courts have jurisdiction to entertain petitions under § 2254 only from persons who are "*in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."[6]  The Court therefore ordered Petitioner to clarify his current status.[7]  The Court also advised Petitioner that claims under § 2254 are generally subject to a one-year statute of limitations.[8]  The Court accordingly asked Petitioner to clarify why he believed his Petition was not untimely.[9]

---

and an opportunity to present their positions.").

[5] Order to Show Cause, Feb. 1, 2017, ECF No. 3.

[6] *Id.* at 2 (citing 28 U.S.C. § 2254(a) (2012) (emphasis added); *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989)).

[7] *Id.* at 5.

[8] *Id.* at 3 (citing 28 U.S.C. § 2244(d)(1) (2012) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.")).

[9] *Id.* at 5.

In a response to the Court's order to show cause, Petitioner claimed he "did almost 12 years in [prison] and 3 months in parole."[10]   He did not further clarify his current status.   Petitioner also claimed "I'm innocent."[11]   He explained "they didn't have any evidence against me."[12] He added he "had no intention of hurting anyone and [he] backed away and believed [his] life was in danger."[13]   In five subsequent letters, he failed to explain his status or the reason for his delay in filing a petition.[14]   In one letter Petitioner claimed he "[b]acked away and had no intention nor reason to stab the aggressor except in self-defense."[15]

## II.   ANALYSIS

As the Court noted above, a federal court may not entertain a petition for writ of habeas corpus unless the petitioner is in custody in

---

[10] Resp. 5, Feb. 6, 2017, ECF No. 6.

[11] *Id.* at 2.

[12] *Id.* at 3.

[13] *Id.*

[14] Resp., Feb. 6, 2017, ECF No. 6; Resp. Feb. 7, 2017, ECF No. 7; Resp., Feb. 7, 2017. ECF No. 8; Resp., Feb. 7, 2017, ECF No. 9; Resp., Feb. 14, 2017, ECF No. 10; Resp., Feb. 17. 2017, ECF No. 11; Resp. Feb. 22, 2017, ECF No. 12; Resp., Feb. 24, 2017, ECF No. 13.

[15] Resp. Feb. 22, 2017, ECF No. 12.

violation of the Constitution or laws or treaties of the United States.[16] The statutory in custody requirement is met if, at the time a petitioner files a petition, he is (1) in custody pursuant to the conviction he is attacking, or (2) in custody pursuant to another conviction that is positively and demonstrably related to the conviction that he is attacking.[17] "A state prisoner on parole is still 'in custody' so as to qualify for federal habeas relief."[18]

Assuming that Petitioner is on parole, his claims under § 2254 are still subject to a one-year statute of limitations.[19] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially

---

[16] 28 U.S.C. § 2254(a).

[17] *Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir. 1985).

[18] *Fox v. Dutton*, 406 F.2d 123, 123 (5th Cir. 1968) (citing *Hones v. Cunningham*, 371 U.S. 236, 243 (1963)).

[19] 28 U.S.C. § 2244(d)(1).

recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[20]

Petitioner does not indicate that any unconstitutional "State action" prevented him from filing for federal relief.[21]   Further, his claims do not concern a constitutional right recognized by the Supreme Court and made retroactive to cases on collateral review.[22]   Moreover, his claims were clearly discoverable, through the exercise of due diligence, well within a year after his conviction.[23]   Thus, Petitioner's limitations period began to run when his judgment of conviction became final.[24]

"A state conviction and sentence become final . . . when the availability of direct appeal to the state courts has been exhausted and

_____

[20] *Id.* §§ 2244(d)(1)(A)-(D).

[21] *Id.* § 2244(d)(1)(B).

[22] *Id.* § 2244(d)(1)(C).

[23] *Id.* § 2244(d)(1)(D).

[24] *Id.* § 2244(d)(1)(A).

the time for filing a petition for a writ of certiorari has elapsed or a timely

filed petition has been finally denied."[25]   The trial Court sentenced

Petitioner in December of 1997,[26]  and the Texas Eighth Court of Appeals

in El Paso affirmed his conviction on August 31, 1999.[27]   Petitioner did

not submit a petition for discretionary review to the Texas Court of

Criminal Appeals, thereby waiving his right to seek a writ of certiorari

from the Supreme Court.[28]   The one-year limitations period, therefore,

began to run on September 30, 1999, when the thirty-day period for filing

a petition for discretionary review in state court ended.[29]

"The time during which a properly filed application for State

post-conviction or other collateral review . . . is pending shall not count

---

[25] *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (citing Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1987)).

[26] Pet'r's Pet. 2.

[27] *Abbud v. State*, No. 08-97-00648-CR (Tex. App.—El Paso Aug. 31, 1999, no pet.).

[28] *See* Sup.Ct. R. 10(b), 6 & 13 (requiring filing within 90 days of a state court of last resort entering judgement).

[29] Tex. R. App. P. 68.2(a) ("The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.").

toward any period of limitation under this subsection."[30]   The Court of
Criminal Appeals denied Petitioner's state writ application on May 14,
2003.[31]   Assuming the state writ tolled the entire limitations period
from the time the Eighth Court of Appeals affirmed the conviction until
the Court of Criminal Appeals denied the writ, Petitioner still filed his
§ 2254 petition over twelve years after the statute of limitations ran out.

A petitioner seeking equitable tolling of an untimely habeas
petition bears the burden of establishing both "'(1) that he has been
pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way' and prevented timely filing."[32]
Petitioner clearly failed to act with due diligence.[33]   He also failed to
identify an extraordinary circumstance which justified his delay.

Petitioner argues that the Court should excuse him from the

---

[30]  28 U.S.C. § 2244(d)(2).

[31]  *Ex parte Abbud*, WR-55,782-01 (Tex. Crim. App. May 14, 2003).

[32]  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[33]  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (explaining a habeas petitioner must pursue the habeas "process with diligence and alacrity").

limitations period because of his actual innocence.   "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar."[34]   "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[35]   "'[T]he timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence."[36]

Petitioner offers no new, reliable evidence to support a claim of actual innocence.   His self-serving, bare, and conclusory assertions about a twenty-year-old manslaughter case are not sufficient to carry the rigorous burden of proof imposed upon habeas petitioners claiming actual innocence.[37]   His actual innocence claim cannot excuse him from the statute of limitations.

The Court finds that Petitioner's Petition is untimely, he is not

---

[34] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

[35] *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

[36] *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 332).

[37] *See Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001).

entitled to equitable tolling, and he is not actually innocent.    The Court concludes, therefore, that Petitioner is not entitled to § 2254 relief.

## III.  CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[38]   Although Petitioner has not yet filed a notice of appeal, the Court must nonetheless address whether he is entitled to a certificate of appealability.[39]   A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[40]   In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[41]   To warrant a grant of the certificate as to claims that the district court

---

[38] 28 U.S.C. § 2253(c)(1).

[39] *See* 28 U.S.C. foll. § 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[40] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

[41] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[42]

Here, Petitioner is not entitled to a certificate of appealability because jurists of reason would not debate the Court's conclusion that his claims are time barred.

## IV.   CONCLUSION AND ORDERS

After carefully reviewing the record and the Petitioner's responses to the Court's "Order to Show Cause," the Court finds that Petitioner's claims are time-barred and that he is not entitled to equitable tolling. The Court therefore concludes that Petitioner is not entitled § 2254 relief.   Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner's *pro se* "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 1) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a

---

[42] *Id.*

CERTIFICATE OF APPEALABILITY.

IT IS ALSO ORDERED that all pending motions, if any, are

DENIED AS MOOT.

IT IS FINALLY ORDERED that the Clerk shall CLOSE this

case.

SIGNED this ___16___ day of March, 2017.


_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE